IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13CV607

| STEPHEN K. McILWAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PAULA HARPER BETHEA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants Scott Costa and Burnett Quiles' ("City Defendants") Motion to Dismiss (Doc. No. 5) pursuant to Rules 12(b)(6), 12(b)(2) and 12(b)(5) and City Defendants' Second Motion to Dismiss (Doc. No. 19) pursuant to Rule 12(b)(1).[1] The *pro se* Plaintiff has filed responses to these motions (Doc. Nos. 8, 11, 21-23 and 26). City Defendants then filed a Reply (Doc. No. 18).

The *pro se* Plaintiff filed his Complaint on November 5, 2013, asserting a putative claim for damages under 42 U.S.C. § 1983 for "illegal search and seizure" against the City Defendants, stemming from a search allegedly conducted on October 28, 2001. (Doc. 1, p. 9; Doc. 4, pp. 5-7.) Throughout the Complaint and the Exhibit, there are references to Plaintiff's alleged lottery winnings being denied to him by the State of South Carolina. Though it is unclear from the Complaint how this connects with the allegations made against the City Defendants, Plaintiff nonetheless asks for $88 million in damages from all the defendants, "or my 60% of $48.8 million from the S.C. Lottery winnings." (Doc. 1, p. 12.)

---

[1] City Defendants filed their Second Motion to Dismiss as an alternative basis for dismissal in response to documents of public record submitted by the Plaintiff after these Defendants filed their first motion to dismiss.

1

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is obligated to accept all well-pled factual allegations by Plaintiff as true. *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002). However, this procedural safeguard does not apply to both implausible factual allegations and any of the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50 (2009). The Court should only grant such a motion if "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Franks*, 313 F.3d at 192 (internal citations omitted). While pleadings filed by *pro se* petitioners are held to "less stringent" standards than those drafted by attorneys, the court should not be saddled with the burden of rewriting claims never presented in the petition. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's pleadings reveal that, no matter the underlying facts, he is not entitled to relief because the Complaint is time-barred by the relevant statute of limitations. Plaintiff brings this action under 42 U.S.C. § 1983. (Doc. 1, p. 1.) As such, "[b]ecause there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable provision limiting the time in which an action under § 1983 must be brought, must be borrowed from the analogous state statute of limitations." *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991), *cert. denied,* 504 U.S. 931 (1992) (internal quotations omitted).

Plaintiff alleges that he suffered personal injuries as a result of the unconstitutional conduct of the City Defendants. (Doc. 1, p. 10.) As such, the three year statute of limitations contained in N.C. Gen. Stat. § 1-52(5) applies to this case. *See*, *e.g.*, *id*., 947 F.2d at 1161-62.

"Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law." *Brooks v. City of Winston-Salem*, N.C., 85 F.3d 178, 181 (4th Cir. 1996). Liberally construing Plaintiff's pleadings in his favor, he alleges that (i) he suffered a warrantless search and seizure of his

person and his property (Doc. 1, p. 9; Doc. 4, p. 5), (ii) as a result, he was unlawfully arrested (*id.*), and (iii) the proceedings terminated in his favor on August 11, 2003 (Doc. 1, p. 9).

"[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution." *Brooks,* 85 F.3d at 182. Malicious prosecution claims requires an allegation—and eventual proof—that the legal proceedings instituted against a plaintiff without probable cause were terminated in his favor and, therefore, do not accrue until that termination. *Id.*, at 183. Plaintiff's pleadings allege that the relevant proceedings terminated on August 11, 2003. (Doc. 1, p. 9.) Plaintiff's claim began accruing on that date and he had until August 11, 2006, to file a complaint in relation to the events underlying the Complaint and the Exhibit. As Plaintiff has instituted the above-referenced action more than ten years since the claim began to accrue, his pleadings reveal that he is not entitled to relief. Therefore, the Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

In addition to Rule 12(b)(b)(6), it appears that dismissal with prejudice is also appropriate pursuant to Rule (12(b)(1) because documents of public record submitted by Plaintiff in Document 8—filed after the City Defendants' first motion to dismiss (Doc. 5)—reveal that the relief he seeks would substantively overturn a state court judgment against the plaintiff, in violation of the *Rooker-Feldman* doctrine.

It appears to the Court that based upon the foregoing reasons as well as reasons stated in the City Defendants' briefs, dismissal with prejudice is appropriate.

IT IS THEREFORE ORDERED that the City Defendants' Motions to Dismiss are hereby GRANTED and this Complaint is dismissed with prejudice as against the City Defendants.

Signed: March 19, 2014

Graham C. Mullen
United States District Judge